UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JODY KLIEBERT, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-898-JWD-SDJ** |
| **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **fourteen (14) days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 16, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JODY KLIEBERT, et al.**                                          **CIVIL ACTION**

**VERSUS**                                                         **NO. 22-898-JWD-SDJ**

**UNITED PROPERTY AND CASUALTY**
**INSURANCE COMPANY**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion for Leave to File First Supplemental and Amended Complaint for Damages (R. Doc. 13). Defendant United Property and Casualty Insurance Company has not responded to Plaintiffs' Motion, and the deadline for doing so has expired.[1] Accordingly, the Motion is unopposed.

**I.    Procedural History**

On or about October 7, 2022, Plaintiffs Jody Kliebert and Marlo Soule filed this action in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, naming UPCIC as Defendant.[2] Plaintiffs seek recovery, including bad faith damages, related to the adjustment of a claim made under a homeowner's insurance policy.[3]

On November 18, 2022, UPCIC removed the action to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4] Per UPCIC, there was complete diversity at the time of removal because Plaintiffs are citizens of Louisiana and UPCIC is a citizen of Florida.[5] However, shortly thereafter, on February 27, 2023, UPCIC's insolvency was declared by the Second Judicial Circuit Court for Leon County, Florida, in a Consent Order Appointing the Florida Department of

---
[1] *See* Local Civil Rule 7(f).
[2] R. Doc. 1 at 1; R. Doc. 1-1 at 2.
[3] R. Doc. 1-1 at 3-6.
[4] R. Doc. 1.
[5] *Id.* at 3.

1

Financial Services as Receiver of United Property and Casualty Insurance Company for Purposes of Liquidation, Injunction, and Notice of Automatic Stay.[6] On March 3, 2023, UPCIC filed a Notice of the February 27, 2023 Consent Order into the record.[7]

On March 6, 2023, in light of the liquidation of UPCIC, the Court stayed and administratively closed these proceedings.[8] Subsequently, on August 15, 2023, Plaintiffs filed the instant Motion for Leave to File First Supplemental and Amended Complaint, which seeks, *inter alia*, to name the Louisiana Insurance Guaranty Association as the statutory successor in interest to UPCIC pursuant to La. R.S. § 22:2058(A).[9]

In their Motion, Plaintiffs do not specifically assert that the addition of LIGA as a Defendant would destroy complete diversity and require remand of this action. However, in their proposed amended pleading, they represent that LIGA is "an unincorporated and statutorily created association of insurers domiciled in East Baton Rouge Parish."[10] As explained below, the Court finds it appropriate to grant the instant Motion, enter Plaintiffs' First Supplemental and Amended Complaint into the record, and remand this action to the 23rd JDC for lack of subject matter jurisdiction.

**II.   Law and Analysis**

    **A.   LIGA is a Non-Diverse Defendant**

There can be no dispute that LIGA is a non-diverse defendant. As a private unincorporated legal entity, "LIGA has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991), citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990).

---

[6] R. Doc. 11 at 1; R. Doc. 11-1.
[7] R. Doc. 11.
[8] R. Doc. 12.
[9] R. Doc. 13-1 at 1-2.
[10] *Id.* at 1.

Louisiana federal district courts have remanded similar actions in which the plaintiffs named LIGA as an additional defendant in light of an insurer's insolvency, specifically concluding that LIGA is a citizen of Louisiana for the purposes of diversity jurisdiction. *See Cormier v. S. Fid. Ins. Co.*, No. 21-3634, 2023 WL 3516207, at *1 (W.D. La. May 2, 2023) ("As recognized by federal district courts throughout Louisiana with varying results, LIGA's member insurers undoubtedly include Louisiana citizens for diversity purposes, bestowing upon LIGA Louisiana citizenship for jurisdictional purposes.") (citing cases), *report and recommendation adopted*, 2023 WL 3510918 (W.D. La. May 17, 2023); *Brunet v. S. Fid. Ins. Co.*, No. 21-2308, 2023 WL 4541114, at *4 (E.D. La. Jul. 14, 2023) ("While Plaintiff has not identified any of the constituent members of LIGA, in a separate matter that was previously before this Court, counsel for LIGA acknowledged during a telephone status conference . . . that, 'LIGA is a Louisiana citizen because one or more of its constituent insurer members is a citizen of Louisiana.'"); *Soza v. S. Fid. Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023) (same); *Keiffer v. S. Fid. Ins. Co.*, No. 22-863, 2023 WL 157631 (E.D. La. Jan. 11, 2023) (granting unopposed motion to remand after plaintiff amended the complaint to name LIGA as a defendant in the action, which destroyed complete diversity); *see also Derouen v. Anco Insulations, Inc.*, No. 21-215, 2021 WL 4450238 (M.D. La. Aug. 27, 2021) (remanding action because of the presence of non-diverse defendants in the action, including LIGA), *report and recommendation adopted*, 2021 WL 4444721 (M.D. La. Sep. 28, 2021).

Because LIGA is a non-diverse defendant, its joinder as a defendant in this action would require remand for lack of complete diversity. *See* 28 U.S.C. § 1332. In light of the foregoing, the Court discusses below whether post-removal amendment should be allowed under 28 U.S.C. § 1447(e).

3

### B.    Amendment of the Pleadings to Name a Non-Diverse Defendant

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999), quoting *Dussouy Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citations and quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, when an amendment seeks to add a nondiverse party that would destroy diversity jurisdiction, 28 U.S.C. § 1447(e) directs district courts to either "deny joinder[] or permit joinder and remand the action to the State court." In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987),[11] the Fifth Circuit instructed district courts "faced with an amended pleading naming a new nondiverse defendant in a removed case" to "scrutinize that amendment more closely than an ordinary

---

[11] Section 1447(e) was enacted after the Fifth Circuit's decision in *Hensgens*. Nonetheless, the Fifth Circuit has continuously advised that a trial court considering joinder under § 1447(e) should "temper[ ] its discretion with the standard established by *Hensgens*. . . ." *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (noting *Hensgens* is the "correct legal standard" for a court to apply in determining whether to exercise its discretion under § 1447(e) to permit joinder of non-diverse party after removal).

amendment," while considering several factors outlined by the Court—*i.e.* 'the *Hensgens* factors.' *Id.* at 1182. The *Hensgens* factors require a balancing of the parties' competing interests while determining whether: (1) the amendment's purpose is to defeat federal jurisdiction; (2) the plaintiff was diligent in amending the complaint; and (3) the plaintiff will be significantly injured if the amendment is denied. *Id.* Courts should also consider "any other factors bearing on the equities." *Id.*

Here, the *Hensgens* factors weigh in favor of allowing amendment to name LIGA as a non-diverse defendant. First, the purpose of the amendment is to name a proper defendant, not to destroy federal diversity jurisdiction. Because UPCIC is an "insolvent insurer" under La. R.S. 22:2055(7), LIGA is UPCIC's statutory successor in interest pursuant to the Louisiana Insurance Guaranty Association Law, rendering LIGA an appropriate additional defendant in this action. *See Brunet*, 2023 WL 4541114, at *3; *see also Cormier*, 2023 WL 3516207, at *2 ("Pursuant to La. R.S. 22:2058(A), Plaintiffs' suit against a now-insolvent insurer is construed as asserting a claim for which LIGA may be statutorily liable, subject to limitations found in La. R.S. 22:2008."). Furthermore, given that UPCIC only entered into receivership after removal of this action, Plaintiffs "neither knew nor should have known of LIGA's involvement in this litigation" at the initiation of this action in state court. *See Brunet*, 2023 WL 4541114, at *3; *Soza*, 2023 WL 2770125, at *4. Given the foregoing, it is proper to conclude that Plaintiffs' "motion to amend was prompted by the post-filing insolvency of its insurer and was not undertaken for the purpose of defeating diversity jurisdiction." *Cormier*, 2023 WL 3516207, at *2.

The second *Hensgens* factor also supports amendment. Plaintiffs filed the instant motion to name LIGA as an additional defendant during the period in which this action was stayed.

Finally, the third *Hensgens* factor weighs in favor of allowing amendment. The denial of Plaintiffs' motion would result in significant prejudice to Plaintiffs if they were not allowed to name

5

LIGA as a defendant because UPCIC is insolvent. *See Brunet*, 2023 WL 4541114, at *4; *Soza*, 2023 WL 2770125, at *5. Moreover, the Court finds no substantial reason under the general requirements of Rule 15(a)(2) to deny amendment to name LIGA as an additional defendant.

For the foregoing reasons, the Court concludes that it is proper to allow amendment to name non-diverse LIGA as a defendant, which will destroy subject matter jurisdiction and require remand of the action to state court. *See* 28 U.S.C. § 1447(e); 28 U.S.C. § 1332; *see also Mitchell v. S. Fid. Ins. Co.*, No. 21-675, 2023 WL 5663225, at *4 (M.D. La. Aug. 1, 2023) (granting leave to amend to join LIGA as an additional defendant and remanding the action for lack of diversity jurisdiction in light of the amendment), *report and recommendation adopted*, 2023 WL 5663214 (M.D. La. Aug. 31, 2023).

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion for Leave to File First Supplemental and Amending Complaint for Damages (R. Doc. 13) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk's Office be **ORDERED** to file Plaintiffs' First Supplemental and Amending Complaint for Damages (R. Doc 13-1) into the record.

**IT IS FURTHER RECOMMENDED** that this action be **REMANDED** to the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, for lack of subject matter jurisdiction in light of the addition of the addition of non-diverse Defendant Louisiana Insurance Guaranty Association.

Signed in Baton Rouge, Louisiana, on November 16, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**